IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JORGE SERGIO DIAS SOUZA,**<br><br>*Petitioner*,<br><br>v.<br><br>**VERNON LIGGINS,**[1] *et al.*,<br><br>*Respondents.* | **Civil No.: 1:26-cv-00633-JRR** |

## ORDER

Pending now before the court is Petitioner Jose Sergio Dias Souza's Petition for Writ of Habeas Corpus (ECF No. 1; the "Petition"). The court has considered all papers, including the parties Joint Notice at ECF No. 11. For the reasons set forth on the record in open court at the proceeding convened today, it is this 25th day of February 2026:

**ORDERED** that the Petition (ECF No. 1) shall be, and is hereby, **GRANTED IN PART and DENIED AS MOOT IN PART** as follows: The Petition is **GRANTED** as to Count II (violation of procedural due process guaranteed under the Fifth Amendment to the United States Constitution); and is otherwise **DENIED as moot**. Specifically, the court finds that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b); and Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d). Therefore, Respondents shall be, and are hereby, **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b) and from declining to provide Petitioner a bond hearing; and further it is

**ORDERED** that Petitioner **SHALL RECEIVE A BOND HEARING** before an

---

[1] Vernon Liggins was recently named Acting Field Office Director for Immigration and Customs Enforcement's Baltimore Field Office. Pursuant to Federal Rule of Civil Procedure 25(d), Madam Clerk shall substitute Vernon Liggins for Matthew Elliston as a Respondent in this action.

Immigration Judge and/or Immigration Court having jurisdiction or control over Petitioner's detention or having administrative control over Petitioner's immigration or removal case; such hearing shall be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d), and shall be conducted **within 10 days of the filing of a motion by Petitioner with the Immigration Court**; the bond hearing shall include a meaningful consideration of the applicable, relevant factors; and further it is

**ORDERED** that, in the event that Petitioner is not provided with a bond hearing before an Immigration Judge in compliance with this order, Respondents shall release Petitioner from custody, with reasonable conditions, which may include the requirement that Petitioner appear for a bond hearing before an Immigration Court in Maryland; and further it is

**ORDERED** that the parties shall provide the court with a **JOINT STATUS REPORT** within 14 days of this order; and further it is

**ORDERED** that the court shall **RETAIN** jurisdiction over this matter to enforce compliance with this order; and further it is

**ORDERED** that Petitioner's Motion for Temporary Restraining Order, as set forth in his Petition at ECF No. 1, shall be and is hereby **DENIED as moot**.

/S/
_____
Julie R. Rubin
United States District Judge